FILED
JUN 01 2016
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TYE FORTUNA,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD,<br><br>Respondent. | Cause No. CV 16-34-M-DLC-JCL<br><br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Tye Fortuna's application for writ of habeas corpus under 28 U.S.C. § 2254. Fortuna is a state prisoner proceeding pro se.

Fortuna originally pled guilty to two counts of felony theft and three misdemeanor counts of obscuring the identity of a machine. Fortuna received two concurrent 10-year sentences to the Montana Department of Corrections with all but six months suspended on the felonies and three six month fully suspended sentences for the misdemeanors. *See, Fortuna v. Kirkegard*, OP 15-0794, Or. at 1 (Mont. Jan. 5, 2016)(Doc. 1-1 at 3). Fortuna did not appeal his sentence.

On November 15, 2012, Fortuna was found to have violated the probationary conditions of his sentence. *Fortuna v. Kirkegard*, OP 15-0794, Or. at 1 (Mont. Jan. 5, 2016); *see also* (Doc. 1-2). Fortuna's original suspended sentence was revoked and he was sentenced to the Montana State Prison for nine and one-

1

half years with no time suspended. (Doc. 1-2 at 2-3). The trial court denied Fortuna any credit for street time. Fortuna did not file an appeal from the judgment.

In December of 2015, Fortuna petitioned the Montana Supreme Court for a writ of habeas corpus. *See Fortuna v. Kirkegard*, OP 15-0794, Pet. (filed Dec. 21, 2015). Fortuna argued that the sentence he received following his revocation was unlawful because it "essentially doubled" his original sentence by extending his November 4, 2014 discharge date to April 4, 2022. *Fortuna v. Kirkegard*, OP 15-0794, Or. at 1 (Mont. Jan. 5, 2016). He also argued the prison sentence received upon revocation was more burdensome than his original commitment to the Montana Department of Corrections. *Id.*

The Montana Supreme Court denied Fortuna's petition. First, it held that Fortuna's sentence was not illegal, because the court lawfully revoked only the suspended portion of his sentence and the nine and one-half years he received upon revocation was not longer than Fortuna's original sentence. *Id.* at 2. Further, the Court held that the sentencing court properly utilized its discretion when it decided not to give Fortuna credit for street time. *Id.*, citing Mont. Code Ann. § 46-18-203(7)(b).

On March 9, 2016, Fortuna filed a petition with this Court alleging various violations, including: his right to due process (doc. 1 at 2-3); the proscription

2

against double jeopardy, cruel and unusual punishment, and equal protection (*id.* at 4-5); and, breach of both the plea agreement and contract principles (doc. 1 at 2; 11-12).

On April 26, 2016, Mr. Fortuna was ordered to show cause why his petition should not be dismissed with prejudice as time-barred. (Doc. 5). Fortuna timely responded by filing a response and corresponding exhibits. (Doc. 6). Fortuna subsequently filed an additional brief in support of his Response to the Order to Show Cause. (Doc. 8).

**Equitable Tolling**

Fortuna asserts that he should be entitled to equitable tolling on two separate bases. First, Fortuna argues that he filed a document in the State court, a "Petition to Receive Credit for 'Street' Time," that has never been ruled upon. *See* (Doc. 7 at 2-4; Doc. 7-1 at 2-4). Fortuna states that he filed this document in July of 2013 and that he filed a subsequent "Notice of Availability" in November of 2013, requesting the state court issue a ruling on his motion. (Doc. 7 at 2; Doc. 7-1 at 6-7). Fortuna seems to argue that this document should entitle him to statutory tolling as a properly filed application for collateral review. (Doc. 7 at 4); *see also* 28 U.S.C. §2244(d)(2).

Fortuna also seems to argue that because he was engaged in a contentious and complex dissolution proceeding in the state court, which also involved his

parents and several of his business entities, this constitutes an "extraordinary circumstance." *See,* (Doc. 7 at 4-6). The argument seems to go that because Fortuna was acting diligently in relation to that proceeding, the diligence should attach to his habeas proceeding. Both arguments fail in relation to equitable tolling.

Equitable tolling is available when a petitioner has (1) pursued his rights diligently, and (2) an extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 645 (2010). This bar is very difficult to overcome and is reserved for rare cases. *See Spitsyn v. Moore*, 345 F. 3d 796, 799 (9th Cir. 2003)("extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time"); *Miranda v. Castro*, 292 F. 3d 1963, 1066 (9th Cir. 2002) (requirements are "very high, lest the exceptions swallow the rule").

Fortuna's argument in relation to the document he filed in state court, does not entitle him to tolling. A review of Fortuna's state court criminal docket reveals that neither Fortuna's Petition to Receive Credit for 'Street Time' nor his Notice of Availability was ever filed. Thus, at some point Fortuna must have become aware that his petition had not been ruled upon or even filed. There is no explanation as to why Fortuna did not follow up on this matter for two years. Contrary to Fortuna's argument, this act does not reflect diligence on his part, but rather a lack of diligence.

4

Also, Fortuna's argument in relation to his dissolution proceedings is not persuasive. The court has reviewed the docket from that matter (doc. 7-3 at 2-7) and understands that it no doubt consumed much of his time. But, the record also reveals that at least during part of the dissolution proceeding, Fortuna was represented by counsel. Thus, he had the opportunity to seek legal guidance in relation to his habeas petition. While Fortuna argues that he spent years performing legal research in order to determine how best to proceed, at a minimum, Fortuna could have inquired of his counsel what time limits he faced. Fortuna has failed to establish that he acted with diligence in relation to this matter. Moreover, Fortuna has not demonstrated that his dissolution was an "extraordinary circumstance" that made it impossible for him to meet the deadline in the present case. Thus, Fortuna is not entitled to equitable tolling.

**Legality of Sentence**

Likewise, Fortuna's arguments in relation to the legality of his sentence are unavailing. Fortuna contends that the filing of a petition to revoke, and presumably the corresponding revocation, "does not naturally mean that you get all the time back you spent abiding by the rules." (Doc. 7 at 7). In support of this position, Fortuna relies upon *State ex rel Wetzel v. Ellsworth*, 387 P. 2d 442 (Mont. 1963), for the proposition that an individual is not allowed to be resentenced to serve time that had been previously served on probation prior to a revocation.

(Doc. 7-5 at 3). As set forth in his original petition, Fortuna continues to argue that he has been illegally resentenced.

This Court has previously noted that *Wetzel* is based upon a repealed provision of the Montana state penal code. *See Edmundson v. Kirkegard*, CV-14-172-DLC, Or., n. 1 (July 21, 2014)("Edmundson's argument is premised on the mistaken belief that this statute gives him a liberty interest in a 'fixed discharge date'"). Much like the petitioner in *Edmundson*, Fortuna argues that he should have been credited for time spent on probation, and that failing to give him credit for this "street time" violated his due process right, doubled the amount of time he contracted for in his plea agreement, and exceeds the statutory maximum allowed under the law.

As has been previously pointed out to Fortuna, Montana Code Annotated § 46-18-203(7)(a)(iii) states that a court may "revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence." Further, M.C.A. § 46-18-203(7)(b) provides the trial court discretion to grant or deny credit for street time: "a judge shall consider any elapsed time and either expressly allow all or part time as a credit against the sentence or reject all or part of the time as credit."

The trial court judge expressly stated that she was denying Fortuna credit for

6

time on probation, "due to his violations of his probation, his misuse of the sympathy, support and kindness afforded him based [upon] his daughter's illness, and his improper conduct while on probation." (Doc. 1-2 at 3). The trial court explained:

> The court seriously considered imposing a parole restriction on the sentence in this revocation given the original sentence and the leniency allowed therein. That leniency was specifically afforded the Defendant based upon the Defendant's representation as to his daughter's health and his wife's need for his help. The Defendant's blatant self-centered misuse of the sympathy and support afforded him by his daughter, his wife, his friends and business associates is one of the most colossal demonstrations of selfish criminal conduct the Court has witnessed. The only reason the Court is not imposing a parole restriction at this time is due to the Defendant's obligations for restitution.

*Id.* at 3-4. The trial court went on to list the specific reasons for its sentence. *Id.* at 10-12. While Fortuna seems to argue that he was basically compliant for the majority of the probationary portion of his sentence, the trial court's judgment speaks otherwise.

The trial court acted within its discretion when it required Fortuna to serve the suspended portion of his sentence without crediting him for the time he had served on probation. Fortuna has not established a Constitutional violation; his sentence is valid.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

7

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Fortuna has not made a substantial showing that he was deprived of a constitutional right. Further, because he has not demonstrated a basis to excuse his untimely filing, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Mr. Fortuna's petition (Doc. 1) should be DISMISSED WITH PREJUDICE as time barred and DENIED for lack of merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Fortuna may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Fortuna must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 1st day of June, 2016.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.