IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TYE FORTUNA, | CV 16–34–M–DLC–JCL |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD, | |
| Respondent. | |

United States Magistrate Judge Jeremiah C. Lynch entered findings and recommendations in this matter on June 1, 2016, recommending dismissal of Petitioner Tye Fortuna's ("Fortuna") petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Fortuna filed two sets of objections to the findings and recommendations on June 13, 2016, and is therefore entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v.*

*Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). However, [w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

In his June 1, 2016 findings and recommendations, Judge Lynch found that the revocation sentence Fortuna challenges in his habeas petition "became final" for purposes of the one-year statute of limitations period governing § 2254 petitions on November 15, 2012, *see* 18 U.S.C. § 2241(d)(1), and that Fortuna did not appeal the sentence. Consequently, because Fortuna did not file his habeas petition until March 9, 2016, Judge Lynch concluded that the petition is time-barred. Moreover, Judge Lynch concluded that equitable tolling does not apply to the limitations period because neither the un-adjudicated motions Fortuna purports to have filed in state court with respect to his criminal case, nor any self-described diligence in his wholly unrelated civil matter, meet equitable tolling's high bar. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Miranda v. Castro*, 292 F.3d 1063, 1966 (9th Cir. 2002). Finally, on the merits of the petition, Judge Lynch found that Fortuna's revocation sentence was within the parameters of Montana

Code Annotated § 46–18–203(7), as to both the length of the term of incarceration and the state court judge's discretion to exclude from the sentence the time Fortuna served on probation. Thus, Judge Lynch concluded that Fortuna's revocation sentence was legal and valid.

As the Court reads them, Fortuna's twenty-six pages of single-spaced typewritten objections can be distilled to the following argument: the statute of limitations governing Fortuna's habeas petition should be tolled because he has demonstrated that an extraordinary circumstance—the State of Montana's alleged breach of his plea agreement—prevented his timely filing. Fortuna made the same argument in his original petition, and contends in his objections that the argument remains relevant because Judge Lynch did not specifically address it in the findings and recommendations.

Fortuna's theory is unavailing for two reasons. First, Fortuna fails to connect the alleged breach of the plea agreement to the delayed filing of his petition—nowhere in any of his papers does Fortuna contend that due to the breach, he was unable to file his petition on time. Second, Fortuna fails to acknowledge that the state court was not bound by the plea agreement, which existed between him and the Lake County prosecutor. The state court judge who imposed the revocation sentence did so at her own discretion and, as mentioned

above, in accordance with state law. *See* Mont. Code Ann. § 46–18–203(7)(a)(iii), (b) (a revocation sentence may not exceed the term initially imposed, and credit for time served on probation may or may not offset the revocation sentence). Fortuna's objections do not call Judge Lynch's analysis and conclusions into question.

There being no clear error in the remainder of the findings and recommendations,

IT IS ORDERED that Judge Lynch's findings and recommendations (Doc. 9) are ADOPTED IN FULL. Fortuna's petition for writ of habeas corpus (Doc. 1) is DISMISSED WITH PREJUDICE as time-barred, and DENIED for lack of merit.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 11th day of August, 2016.

Dana L. Christensen, Chief Judge
United States District Court